IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KUSHAL SHAH f/k/a GERRON M. LINDSEY, | § § § | No. 154, 2019 |
| Defendant Below, Appellant, | § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | Cr. ID No. 0002019767 (N) |
| STATE OF DELAWARE, | § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: June 10, 2019
Decided: July 12, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, we conclude that the Superior Court's order,[1] dated March 7, 2019, adopting the Commissioner's report and recommendation,[2] dated December 5, 2018, and denying Shah's twelfth motion for postconviction relief should be affirmed. Shah was not convicted after trial and did

---

[1] *State v. Shah*, 2019 WL 1077274 (Del. Super. Ct. Mar. 7, 2019).
[2] *State v. Shah*, 2018 WL 6432979 (Del. Super. Ct. Dec. 5, 2018).

not satisfy the requirements of Superior Court Criminal Rule 61(d)(2).[3]   The

Superior Court did not err in denying Shah relief.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED

and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] Del. Super. Ct. Crim. R. 61(d)(2) (providing that a second or subsequent Rule 61 motion "shall be summarily dismissed, unless the movant was convicted after a trial and the motion" pleads with particularity new evidence creating a strong inference that the movant was actually innocent or a new rule of constitutional law made retroactive to cases on collateral review).